IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE SINGLETON,           :    CIVIL NO. 3:-11-CV-1184
          Plaintiff    :
                           :    (Judge Munley)
    v.                          :
                           :
PRISON HEALTH SERVICES, et al., :
          Defendants   :

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

George Singleton ("plaintiff"), an inmate incarcerated at the State Correctional Institution at Smithfield, Huntingdon, Pennsylvania (SCI-Smithfield) and the State Correctional Institution at Retreat, Hunlock Creek, Pennsylvania (SCI-Retreat) at all times relevant, filed this civil rights action on June 22, 2011 (Doc. 1), naming as defendants Prison Health Services and physicians assistants Polend and O'Brien. Presently pending is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 19.) For the reasons that follow, the motion will be granted.

I.    **Allegations of the Complaint**

Plaintiff alleges that on December 5, 2010, while incarcerated at SCI-Smithfield, he suffered a sports-related injury to his left leg. (Doc. 1, ¶¶ 14, 23.) He was taken to the medical department for emergency treatment and a nurse told him "that he might have a pulled hamstring" and she gave him a pair of crutches and Motrin to relieve the pain. (Id. at ¶ 16. The following day, he was seen by defendant Polend. Plaintiff alleges that defendant

Polend failed to examine him. (Id. at ¶ 18.) Instead, Polend simply listened to the nurse's assessment that he had a pulled hamstring and ignored plaintiff's complaint that the pain was in his ankle, not upper leg. (Id. at ¶¶ 17-18.) He ordered x-rays and denied plaintiff's request for an MRI. (Id. at ¶¶ 19-20.)

On December 23, 2010, plaintiff was transferred to SCI-Retreat. (Doc. 1, ¶ 23.) On December 27, 2010, he was seen by defendant O'Brien, who examined his injury and informed plaintiff that he had a slight tear in his Achilles tendon. (Id. at ¶ 25.) He advised plaintiff that it would take about six months for the injury to heal and issued him an ankle sleeve. (Id. at ¶ 26.)

After the passage of a few weeks, because he was still in "extremely unbearable constant pain and could barely walk," he requested to be seen by medical personnel. (Doc. 1, ¶ 27.) On January 24, 2011, Dr Chiavacchi examined plaintiff and allegedly remarked "I can't believe they allowed you to walk around with a torn achilles[.] [Y]ou need surgery." (Id. at ¶ 28.) Dr. Chiavacchi determined that he needed a special "CAM boot" and a cane and scheduled him for surgery. (Id. at ¶ 29.) He was taken to an outside doctor for surgery on January 28, 2011, and, due to the delay in time in diagnosing the seriousness of the injury, was required to undergo a more extensive surgery. (Id. at ¶¶ 30-31.) He recuperated at the State Correctional Institution at Dallas, Pennsylvania. (Id. at ¶ 32.) He did not return to the SCI-Retreat until March 24, 2010. (Id.)

In response to questions concerning the exhaustion of administrative remedies,

plaintiff indicates that although he did not file a written grievance, he verbally complained and requested medical treatment because of constant pain. (Doc. 1, at ¶ II.B.; ¶ 8.) He seeks to have the exhaustion requirement excused because he was transferred to a different institution "4 days after becoming fully aware of the constitutional violations which he was forced to endure and was not returned to the institution until two (2) months later. Thereby making it impossible as well as futile for plaintiff to file a grievance based on the fact that it would have been denied as untimely in accordance with PADOC policy." (Id. at ¶ 12.)

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) motion provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's factual allegations. Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Iqbal, 556 U.S. at 678. Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits

attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Twombly, 550 U.S. 544). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Iqbal, 556 U.S. at 678 (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. See Iqbal, 556 U.S. at 678; see also Twombly, 505 U.S. at 555, & n. 3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may

disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949–50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234–35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' "Iqbal, [129 S.Ct. at 1949–50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210–211.

## II. Discussion

Defendants seek to dismiss plaintiff's complaint on the ground that he failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. See 42 U.S.C. § 1997e(a); Booth v. Churner, 206 F.3d 289, 291(3d Cir.2000). It has been made clear that the exhaustion requirement is mandatory. See Williams v. Beard, 482 F.3d 637, 639 (3d Cir.2007); see also Booth, 532 U.S. at 741 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000) (same). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Significantly, the PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." Nyhuis, 204 F.3d at 71 (3d Cir. 2000); see also DeHart v. Horn, 390 F.3d 262, 273 (3d Cir. 2004) ("Section 1997e(a) makes exhaustion of prison administrative remedies mandatory, regardless of the efficacy of the grievance process.").

Numerous courts have held that a plaintiff who was a prisoner at one facility when a § 1983 claim accrued but who brought the claim after being transferred to another facility is subject to the PLRA's exhaustion requirement. See, e.g., Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 35 (1st Cir. 2002) ("The fact that [ plaintiff] happened to be a prisoner in various locations, and under the custody of different officials, does not affect his obligation to exhaust his administrative remedies before filing suit"); Santiago v. Meinsen, 89 F. Supp.2d 435, 441 (S.D.N.Y. 2000) (holding that plaintiff should not "be rewarded for failing to participate in the grievance procedure by being permitted to bring a federal action without even attempting to resolve his claim administratively" even if "plaintiff's transfer from the facility in which the [alleged violation] occurred arguably made any grievance futile").

It is undisputed that plaintiff's § 1983 claim is an action "with respect to prison conditions" under § 1997e(a). See id. (holding that the PLRA's exhaustion requirement extends to "all inmate suits about prison life"). Likewise, there is no dispute that plaintiff failed to exhaust the administrative remedies in place at the facility where his injury occurred. In fact, he concedes that there was an administrative grievance procedure

available, but seeks to be excused from the such requirements because he was transferred to another institution after he sustained his injury.

Pursuant to the applicable Pennsylvania Department of Corrections Administrative Directive, DC-ADM 804, plaintiff had fifteen working days from the date his claim accrued to file his initial grievance. (DC-ADM 804(1)(A)(13)).[1] On December 6, 2010, plaintiff believed that defendant Polend incorrectly diagnosed him with a pulled hamstring. Although he remained incarcerated at SCI-Smithfield for approximately seventeen days thereafter, he did not file a grievance. On December 27, 2010, shortly after his transfer to SCI-Retreat, defendant O'Brien informed plaintiff that he had a slight tear in his Achilles tendon, which would take about six months to heal, and issued him an ankle sleeve. Again, plaintiff failed to file a grievance concerning defendant Polend's wrong diagnosis. On January 24, 2010, he was seen by Dr. Chiavacchi, who allegedly stated "I can't believe they allowed you to walk around with a torn achilles[.] [Y]ou need surgery." He remained at SCI-Retreat for an additional four days before being transferred to the hospital for surgery. During this time period, he chose not to pursue administrative remedies, despite being made aware that defendant O'Brien should not have allowed him to walk because his injury required surgery. At the conclusion of his two-day hospital stay, he spent two months recuperating at the State Correctional Institution at Dallas. At no time during his recuperation period did he file a

---

[1] http://www.cor.state.pa.us/portal/server.pt/community/department_of_corrections/4604/doc_policies/612830

grievance or seek an extension of time to file a grievance.

There is no indication that the transfers between institutions inhibited plaintiff's ability to file a grievance. Nor did prison administration or staff prevent him from, or interfere with, the filing of a grievance at any time during his incarceration. Consequently, excusing the mandatory exhaustion requirement is unwarranted. Defendants' motion will be granted and the complaint will be dismissed for failure to exhaust administrative remedies as required by the PLRA.

## IV.   Conclusion

Based on the foregoing, defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 19) will be granted. An appropriate order follows.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated:   August 28 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE SINGLETON, : CIVIL NO. 3:-11-CV-1184
        Plaintiff :
         : (Judge Munley)
   v. :
         :
PRISON HEALTH SERVICES, et al., :
        Defendants :

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 28th day of August 2012, upon consideration of defendants' motion to dismiss (Doc. 19), it is hereby **ORDERED** that:

1. Defendants' motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED.

2. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

                                    BY THE COURT:

                                    s/James M. Munley
                                    JUDGE JAMES M. MUNLEY
                                    United States District Court